**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60397
Summary Calendar

DEOGRATIAS RUKANDIRA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 600 767
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Deogratias Rukandira, a citizen of Burundi, petitions for review of the final order of the Board of Immigration Appeals ("BIA"). The BIA's decision affirmed, without opinion, the decision of the Immigration Judge ("IJ") that denied Rukandira asylum and withholding of removal. Rukandira's motion for appointment of counsel is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rukandira contends that the BIA's affirmance without opinion deprived him of due process. We have rejected this argument. Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

Rukandira asserts that he established past persecution and that a well-founded fear of persecution. He asserts that from October 1998 to August 2000, his home was burglarized, he was assaulted in the street, his wife was attacked and injured in an automobile accident, he received threatening phone calls, and a grenade exploded near his home. Rukandira argues that persons paid by the Government perpetrated these incidents because Rukandira was affiliated with and supported the Av-Intwari party.

We review legal conclusions de novo and findings of fact for substantial evidence. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). We will not reverse a BIA decision unless the evidence is "'so compelling that no reasonable fact-finder could conclude against it.'" Moin v. Ashcroft, 335 F.3d 415, 419 (5th Cir. 2003).

To establish eligibility for asylum, an alien must demonstrate that he was persecuted or that he has a well-founded fear of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." Lopez-Gomez, 263 F.3d at 444-45. Persecution is the "infliction of suffering or harm, under government sanction." Abdel-Masieh v. INS, 73 F.3d 579, 583 (5th Cir. 1996). A fear is considered well-founded if the alien can establish, to a reasonable degree, that his return to his

country would be intolerable.  Mikhael v. INS, 115 F.3d 299, 305 (5th Cir. 1997).

The IJ concluded that Rukandira did not establish past persecution or a well-founded fear of persecution based on any of the statutorily-enumerated grounds.  After reviewing the record and the briefs, we conclude that the IJ's decision as adopted by the BIA is supported by substantial evidence and that the record does not compel a contrary conclusion.  See Moin, 335 F.3d at 419; Lopez-Gomez, 263 F.3d at 444-45.

The standard for withholding of removal is more stringent than the standard for granting asylum.  Mikhael, 115 F.3d at 306. Rukandira had to show that a clear probability exists that he will be persecuted if he is removed.  Id.  Rukandira did not make the required showing for asylum; thus, he is not eligible for withholding of removal.  Id. at 306 & n.10.  Accordingly, Rukandira's petition for review is DENIED.

PETITION FOR REVIEW DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.